Electronically FILED by Superior Court of California, County of Los Angeles on 11/22/2021 12:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Rojas,Deputy Clerk
21AVCV00956

Assigned for all purposes to: Michael Antonovich Antelope Valley Courthouse, Judicial Officer: Wendy Chang

GERALD L. MARCUS, ESQ., SBN: 128384
T. VINCENT CONSOLO, ESQ., SBN: 245230
LAW OFFICES OF GERALD L. MARCUS
24025 Park Sorrento, Suite 430
Calabasas, CA 91302
Telephone: (818) 784-8544
Facsimile: (818) 784-5970
File No. 11793

Attorneys for Plaintiff, CHARLENE BAKER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## LOS ANGELES COUNTY - NORTH DISTRICT - CIVIL UNLIMITED

| | |
|---|---|
| CHARLENE BAKER, | CASE NO.   21AVCV00956 |
|          Plaintiff, | [CIVIL UNLIMITED] |
| vs. | COMPLAINT FOR DAMAGES |
| WALMART SUPERCENTER, a business entity form unknown; WALMART INC.; and DOES 1-100, inclusive, | FSC: 01/18/2023 TRIAL: 01/27/2023 OSC: 11/22/2024 |
|          Defendants. | |

Plaintiff, CHARLENE BAKER, alleges:

1)   That at all times herein mentioned, Plaintiff was and now is a resident of the County of Los Angeles, State of California. That Plaintiff is informed and believes and upon such information and belief alleges that at all times herein mentioned Defendants, and each of them were, and now are residents and/or doing business in the County of Los Angeles, State of California.

2)   That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names and capacities and Plaintiff will amend this Complaint to state such true names and capacities when the same have

1    been ascertained. Plaintiff is informed and believes and upon such information and belief

2    alleges, that each of the Defendants designated herein as DOE, is legally responsible in

3    some manner for the events and happenings herein referred to, and legally caused injury

4    and damages to Plaintiff as hereinafter set forth.

5   3)   That Plaintiff is informed and believes and upon such information and belief alleges, that

6    at all times herein mentioned Defendants, and each of them, were the agents and

7    employees of their Co-Defendants, and in doing the things herein mentioned were acting

8    in the course and scope of their authority as such agents and employees and with the

9    permission and consent of their Co-Defendants and each of them.

10  4)   That Plaintiff is informed and believes and upon such information and belief alleges, that

11    at all times herein mentioned, Defendant, WALMART SUPERCENTER, was and now is

12    a corporation, limited partnership or a partnership, duly organized and existing under, and

13    by virtue of the laws of the State of California and is doing business in the state of

14    California, with its principal place of business located at 37140 47th Street East, in the

15    City of Palmdale, County of Los Angeles, State of California.

16  5)   That Plaintiff is informed and believes and upon such information and belief alleges, that

17    at all times herein mentioned, Defendant, WALMART INC., was and now is a

18    corporation, limited partnership or a partnership, duly organized and existing under, and

19    by virtue of the laws of the State of California and is doing business in the state of

20    California, with its principal place of business located at 702 SW 8th Street, in the City of

21    Bentonville, County of Benton, State of Arizona.

22  6)   That on or about May 30, 2020, Defendants, and each of them constructed, owned,

23    possessed, worked upon, managed, supervised, modified, repaired, operated, maintained,

24    managed, or controlled a certain premises located at or near 37140 47th Street East, in the

25    City of Palmdale, County of Los Angeles, State of California.

26  7)   That at said time and place, Plaintiff was on the premises of Defendants, and each of

27    them, and while thereon and as a direct and proximate result of the negligence of

28    Defendants, and each of them, sustained injuries and damages as hereinafter set forth.

8) That Defendants, and each of them, were negligent in the manner in which they designed, constructed, owned, possessed, modified, repaired, operated, maintained, worked upon, controlled, managed, or supervised said premises by constructing, creating, and allowing the dangerous condition to exist and remain upon said premises, and Defendants, and each of them, were further negligent in failing to inspect, warn of, remove, correct and otherwise take precautions so as to prevent injuries to persons on said premises.

9) That Defendants and each of them violated and breached all relevant and applicable ordinances, codes, statutes, and laws that were enacted for the purpose of protecting Plaintiff herein, and the class of people of which Plaintiff herein is a member.

10) As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in her health, strength and activity, sustaining bodily injury and shock to her nervous systems, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in a sum within the jurisdiction of this Court according to proof at the time of trial.

11) As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur medical and related expenses in a sum according to proof at the time of trial.

12) At the time of said injury, Plaintiff was employed or employable and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff has sustained a loss of earnings and earning capacity in a sum according to proof at the time of trial.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

1) For general damages in a sum according to proof at the time of trial within the jurisdiction of the Superior Court;

2) For medical and related expenses in a sum according to proof at the time of trial;

3) For loss of income and earning capacity in a sum according to proof at the time of

trial;

4)   For pre-judgment interest at the legal rate;

5)   For costs of suit incurred herein; and.

6)   For such other and further relief as the Court may deem just and proper.

DATED: November 22, 2021                          LAW OFFICES OF GERALD L. MARCUS

                                          By:
                                                GERALD L. MARCUS, ESQ.
                                                T. VINCENT CONSOLO. ESQ.
                                                Attorneys for Plaintiff.
                                                CHARLENE BAKER